JOHN R. PATE v. DUKE UNIVERSITY.

(Filed 1 February, 1939.)

**1. Specific Performance § 3—**

A party furnishing or causing to be furnished false representations procuring the contract is not entitled to enforce specific performance thereof even though he is not guilty of fraud and was ignorant of the falsity of the representations.

**2. Colleges and Universities § 3—Where certificate upon which student is admitted contains false representations, he may not compel university to award degrees.**

Plaintiff's evidence tended to show that he was admitted to the third-year medical work in defendant university upon his certificate of satisfactory completion of the first two years medical work in another university, that he satisfactorily passed the. third and fourth year medical work in defendant university, entitling him to the degree of Doctor of Medicine, and successfully did further extension work entitling him to the degree of Bachelor of Science in Medicine; that the certificate upon which he was admitted to defendant university falsely represented that he had satisfactorily completed all work of the first two years of medicine, while in fact he had failed to pass satisfactorily two courses of such work, but that plaintiff was ignorant of the false representations in said certificate. *Held:* Plaintiff is not entitled to compel defendant university to award him the degrees under an implied contract to do so upon the completion of the work, since such contract was procured by false representations in the certificate, which bars the right to the relief even though plaintiff was ignorant of such misrepresentations.

**3. Same—University's promise that it might reopen case upon student's successfully passing delinquent courses held not to bind it to award degrees.**

Defendant university refused to award plaintiff student certain degrees for which he had successfully performed the required work because of misrepresentations in the student's certificate upon which he was admitted to defendant university, said certificate representing that he had successfully completed all required preliminary work, whereas as a matter of fact he had failed to successfully pass two subjects in the preliminary work. The dean of school advised the student to take the delinquent subjects in another university, and that upon the student's successfully passing these courses defendant university might reopen the case. Plaintiff took and successfully passed the delinquent courses in another uni-

versity. *Held:* The evidence fails to show a contract by defendant university to award the degrees even though plaintiff successfully passed the delinquent courses, and plaintiff is not entitled to compel the university to award the degrees.

**4. Appeal and Error § 39d—**

Exceptions to the admission and exclusion of evidence cannot be held prejudicial when the result would not be altered even though rulings had been made on the exceptions in accordance with appellant's contentions.

APPEAL by plaintiff from *Parker, J.,* at June Term, 1938, of DURHAM. Affirmed.

*James R. Patton, Jr., Thomas A. Henry, and Thomas H. Patterson for plaintiff, appellant.*
*T. D. Bryson for defendant, appellee.*

SCHENCK, J. This is an action to require the defendant university to specifically perform a contract to award the plaintiff the degrees of Doctor of Medicine and of Bachelor of Science in Medicine and to issue to him diplomas evidencing same.

The evidence discloses that the defendant university impliedly contracted with the plaintiff that when the plaintiff had furnished the defendant satisfactory evidence of having completed the courses required in the first and second years of a Class A Medical School, he would be admitted as a third-year student in defendant's School of Medicine, and that when he had completed the courses required in the third and fourth years of defendant's School of Medicine the defendant would then award him the degree of Doctor of Medicine, and upon the plaintiff's doing certain extension work the defendant would award him the further degree of Bachelor of Science in Medicine, and would issue diplomas to him evidencing said degrees; that plaintiff furnished, or caused to be furnished, to the defendant what purported to be a certificate from Washington University of St. Louis, Missouri, as to his work in the first and second years of its medical course, upon which purported certificate he was admitted to the School of Medicine of the defendant, and that subsequent to his admission in defendant's school plaintiff completed the work and successfully passed examinations upon all subjects required in the third and fourth years of defendant's School of Medicine, and successfully performed the extension work required for the degree of Bachelor of Science in Medicine. The plaintiff's own evidence, however, discloses that the purported certificate furnished the defendant as to his work in the first and second years of the medical school at Washington University contained the statement that he had successfully passed examinations at Washington University upon the subjects of

bacteriology and physiology and had been recommended by said university for the third-year class and had been granted an honorable discharge from said university, whereas, the truth was that plaintiff had not successfully passed examinations upon the said two subjects, he having been conditioned on the subject of bacteriology and failed on the subject of physiology and had been "dropped under the rules of the school." The evidence of plaintiff is further to the effect that he did not know at the time he furnished, or caused to be furnished, said purported certificate from Washington University to the defendant that it contained false statements, and did not learn of such falsity until after he had completed the work of the third and fourth years in the defendant's School of Medicine. The evidence also discloses that the defendant did not learn that the statements contained in the certificate furnished it were false until after the plaintiff had completed the work of the third and fourth years of its School of Medicine.

There is further evidence that the plaintiff has demanded of the defendant that it award to him the degree of Doctor of Medicine and of Bachelor of Science in Medicine and issue to him diplomas evidencing same, and that the defendant has failed and refused to comply with said demand.

At the close of all the evidence the defendant renewed its motion to dismiss the action and for a judgment as in case of nonsuit theretofore made when the plaintiff had introduced his evidence and rested his case (C. S., 567), which motion was allowed and judgment in accord therewith was entered, to which ruling and judgment the plaintiff reserved exceptions, and appealed to the Supreme Court.

This appeal presents the question: Can a suit be maintained for the specific performance of a contract procured by false representations, by one who furnished or caused to be furnished such representations in ignorance of their falsity? The answer is in the negative.

It seems to be settled law that before specific performance of a contract can be enforced it must be established that the contract was procured fairly and openly, and that any misrepresentation in the procurement thereof will be a bar to such enforcement, and the fact that such misrepresentation was innocently or ignorantly made does not alter the result. The plaintiff admits that the certificate upon which he gained admission into the defendant's School of Medicine contained misrepresentations as to his grades and as to the recommendations made relative to him, but testifies that he did not know said certificate contained such misrepresentations. This testimony on a motion to nonsuit must be taken as true, but even when so taken the fact appears, likewise from plaintiff's evidence, that the certificate, upon which the contract sought to be specifically performed was procured, did actually contain the mis-

representations. These misrepresentations, even if they were innocently or ignorantly furnished, or caused to be furnished, to the defendant by the plaintiff, were a bar to the plaintiff's suit for specific performance of a contract predicated upon them.

*Connor, J.,* in *Rudisill v. Whitener,* 146 N. C., 403 (409), quotes with approval the following from *Baskcomb v. Beckwith,* 8 L. R. Eq. Cas., 100 : "Specific performance of a contract will not be enforced when defendant has contracted under a mistake, to which plaintiff has by his acts, even unintentionally, contributed. . . . It is of the greatest importance that it should be understood that the most perfect truth and the fullest disclosure should take place in all cases where the specific performance of a contract is required, and that, if this fails, even without any intentional suppression, the Court will grant relief to the man who has been thereby deceived, provided he has acted reasonably and openly."

"Even an innocent misrepresentation by a party to a contract is a bar to his seeking specific performance." Fry on Specific Performance, 6 Ed., 663.

" 'This right (specific performance), however, is controlled by other equities.' Bispham Eq., sec. 364. It will not be enforced 'where the complainant does not come with clean hands or when equities exist on the other side which would render it unjust to grant the relief' (4 Pom. Eq., sec. 376), 'or it is not clear that the minds of the parties have come together. The contract must be free from *any* fraud or misrepresentation, even though not fraudulent, mistake or illegality. The contract must be perfectly fair, equal, and just in its terms and in its circumstances.' Pom., sec. 1405." *Rudisill v. Whitener, supra.*

There is evidence tending to show that after the degrees sought had been denied the plaintiff by the defendant, the plaintiff studied and successfully passed examinations upon the subject of bacteriology at George Washington University in the District of Columbia and upon the subject of physiology at the University of Michigan, that he did this upon advice of the dean of the School of Medicine of the defendant, thinking that when he had done so the defendant would then grant him said degrees. The plaintiff's own testimony being: "His (the dean of the defendant's School of Medicine) advice was that the Honor Council had charge of the case and he also told me to take the two courses, which I did. He suggested that if I took the two courses that the Honor Council might reopen it. That is as far as it has gone—that if I took the work and it was successful that the Honor Council *might* reopen the case. *That was all he promised me."* The fact that the plaintiff had successfully passed examinations upon said two subjects was placed before the Honor Council and a reopening of the case refused thereby.

This evidence and all of the evidence fails to establish a contract upon the part of the defendant university to award the degrees sought if the plaintiff subsequently furnished evidence of having satisfactorily passed examinations upon the subjects upon which he had failed at Washington University.

We have considered the exceptions in the record to the court's refusal to receive certain evidence proffered by the plaintiff, and to the receiving of certain evidence objected to by the plaintiff. If the evidence proffered and refused had been received, and the evidence objected to and received had been refused, the conclusion reached by us would not have been changed, and, therefore, if any error was committed in the rulings upon the admissibility of evidence, such error was harmless.

The judgment of the Superior Court is

Affirmed.